UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN MCDANIEL

    Plaintiff,

v.

CASE NO.:
6:17-CV-193-orl-37KRS

TREND AVIATION LLC,
a Florida Limited Liability Company,
and JONATHAN P. HOUDYSCHELL,
an Individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff KEVIN MCDANIEL ("Plaintiff"), by and through his undersigned counsel, and for his Claims against Defendants TREND AVIATION LLC, a Florida Limited Liability Company, and JONATHAN P. HOUDYSCHELL, an Individual, (collectively "Defendants"), hereby respectfully alleges as follows:

### THE PARTIES

1.     Plaintiff is a natural person who resides in Orange County, Florida.

2.     Defendant TREND AVIATION LLC is a Florida limited liability company with a principal business address in Orange County, Florida.

3.     Defendant JONATHAN P. HOUDYSCHELL is a natural person who resides in Orange County, Florida.

### JURISDICTION AND VENUE

4.     This is an action arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (as amended) ("FLSA") for unpaid wages, and Florida common law for Breach of Contract, Quantum Meruit, or Promissory Estoppel.

1

5. Venue is appropriate in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391, as the events giving rise to Plaintiff's claims occurred in Orange County, Florida, and over the state law claims through pendant jurisdiction. Further, pursuant to Middle District Local Rule 1.02(c), venue is proper in the Orlando Division of the Middle District of Florida because the alleged acts giving rise to this claim have occurred in counties of which the Orlando Division is comprised, as set forth in Local Rule 1.02(b)(3).

## GENERAL ALLEGATIONS

6. At all times material to Plaintiff's employment, Defendant TREND AVIATION LLC was engaged in providing pilots to, and managing aircraft for, owners of private aircraft.

7. Defendant JONATHAN P. HOUDYSCHELL owned and/or operated Defendant LLC and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of Defendant Corporation. By virtue of such control and authority, JONATHAN P. HOUDYSCHELL was an "employer" of Plaintiff as such term is defined by the FLSA. 29 U.S.C. §201 et seq.

8. In December 2015 Plaintiff began working for Defendants as an airplane pilot.

9. Upon hiring Plaintiff, Defendants issued to Plaintiff a "Trend Employee" identification badge, and required Plaintiff to display this badge while working.

10. Shortly after being hired, Plaintiff was approved by the Federal Bureau of Investigation ("FBI") and the Transportation Security Administration ("TSA") for a Secure Identification Display Area badge that identified Plaintiff as a Trend employee.

11.     Plaintiff was to be paid a daily rate for each day worked, receive reimbursement for required training, and be reimbursed for expenses.

12.     Plaintiff worked for Defendants many days for which Defendants paid him five hundred fifty dollars ($550.00) per day for his work and for which his expenses were reimbursed, as agreed at the time of hire.

13.     Plaintiff also worked for Defendants for many days for which Plaintiff was *never paid or reimbursed*, the basis of this litigation.

14.     During the course of Plaintiff's employment, he was required to attend training.

15.     Defendants agreed to reimburse the full cost of training, thirteen thousand dollars ($13,000), if Plaintiff initially paid for the training out of his own pocket.

16.     Plaintiff paid for the training, but was reimbursed only seven thousand dollars ($7,000). Therefore, six thousand five hundred dollars ($6,500) remains unpaid.

17.     In an effort to avoid litigation, Plaintiff contacted Defendants several times via voice calls and texts and, although Defendants admitted to owing Plaintiff, no payments were made.

18.     In August 2016, Plaintiff's counsel contacted Defendants in writing, through USPS, and received a response from Defendants' then counsel that Defendants refused to pay for Plaintiff's services, training, or expenses.

19.     Plaintiff is owed approximately twenty thousand one hundred fourteen dollars ($20,114.00) for work that he provided to Defendants, including training reimbursement and unpaid expenses.

## SPECIFIC ALLEGATIONS

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
### 29 U.S.C. § 201 *et seq.* (as amended)

20. Plaintiff hereby adopts and incorporates by reference each and every allegation asserted in paragraphs 1-19 above as if set forth fully and completely herein.

21. Plaintiff meets the statutory criteria for coverage as an "employee" under the FLSA, its accompanying regulations, and the "economic reality" of his relationship with Defendants.

22. Defendant TREND AVIATION LLC was an "employer" as that quoted term is defined under the FLSA and its accompanying regulations.

23. Defendant JONATHAN P. HOUDYSCHELL was an "employer" as that quoted term is defined under the FLSA and its accompanying regulations.

24. Plaintiff was employed by Defendants, and Defendants were an "establishment" as that term is defined under the FLSA and its accompanying regulations.

25. In performing duties for Defendants, Plaintiff worked as an employee engaged in commerce within the meaning of the FLSA at 29 U.S.C. § 206(a) and §207(a)(1) and their accompanying regulations.

26. During Plaintiff's entire term of employment, Defendants were an "enterprise engaged in commerce or in the production of goods in commerce" as defined in the FLSA at 29 U.S.C. § 203(s)(1) and its accompanying regulations.

27. Pursuant to Fla. Stat. 448.110(6)(a), Plaintiff notified Defendant of unpaid wages.

28. Plaintiff has complied with all other statutory prerequisites to bringing this lawsuit.

29. During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff for all hours worked.

30. Contrary to the FLSA, Defendants willfully failed to compensate Plaintiff for all hours worked.

31. Due to Defendants' willful failure to compensate Plaintiff for all hours worked, as required by the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants on this count, and award him such damages as he has sustained pursuant to the FLSA, including, but not limited to, any and all wages to which he is entitled, an additional equal amount as statutory liquidated damages, all other losses sustained by him as direct result of the aforementioned FLSA violations, attorney's fees pursuant to the FLSA, court costs, interest, and all other relief that this Court may deem just and proper.

## COUNT II
### Breach of Contract
### (Unpaid Wages)

32. Plaintiff hereby adopts and incorporates by reference each and every allegation asserted in paragraphs 1-19 above as if set forth fully and completely herein.

33. As an alternative to Count I of this Complaint, Plaintiff seeks unpaid wages pursuant to unilateral contract.

34. In November 2015, Plaintiff verbally received an offer of employment from Defendants stating that he would receive five hundred fifty dollars ($550.00) per day for his employment-related services.

35. Plaintiff accepted this offer, thereby creating a binding contractual obligation for Defendants to pay, at minimum, $550.00 per day, for the days Plaintiff worked.

36. Plaintiff fully performed under the contract, however Defendants' failed to pay Plaintiff for twenty-four (24) days worked.

37. Defendants' failure and refusal to tender all wages due and owing to Plaintiff constitute a breach of contract.

38. As a direct and proximate result of this breach, Plaintiff has suffered damages in the form of unpaid wages, of thirteen thousand two hundred dollars ($13,200.00)

39. Because this is an action seeking unpaid wages, Plaintiff is entitled to and seeks recovery of his attorney's fees and costs pursuant to Fla. Stat. § 448.08.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants on this count, and award him such damages as he has sustained resulting from Defendants' failure to remit daily wages earned, and reimbursement for training and expenses, and as shall appear proper pursuant to the law of Florida, including, but not limited to, compensatory damages, attorney's fees and costs pursuant to Fla. Stat. § 448.08, pre-and post-judgment interest, and such other and further relief that this Court deems just, necessary, and proper.

### COUNT III
### Breach of Contract
### (Reimbursement for Training and Expenses)

40. Plaintiff hereby adopts and incorporates by reference each and every allegation asserted in paragraphs 1-19 above as if set forth fully and completely herein.

41. Defendants offered to pay for the entire cost of Plaintiff's training, $13,000, if Plaintiff successfully completed the training

42. Plaintiff accepted Defendants' offer and fully performed by successfully completing the training.

43. Plaintiff received $7,000.00 from Defendants but is Plaintiff is still owed the balance of $6,500.00.

44. In addition to reimbursement for training, Defendants agreed to reimburse Plaintiff for normal employment-related expenses.

45. Plaintiff accepted this offer, thereby creating a binding contractual obligation for Defendants to pay for Plaintiff's employment-related expenses.

46. Plaintiff fully performed under the contract, however Defendants' failed to reimburse Plaintiff for all employment-related expenses, in the amount of four hundred fourteen dollars ($414.00).

47. Defendants' failure and refusal to reimburse Plaintiff for training and expenses constitute a breach of contract.

48. As a direct and proximate result of this breach, Plaintiff has suffered damages in the form of unreimbursed training cost and employment-related expenses.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants on this count, and award him such damages as he has sustained resulting from Defendants' failure to remit reimbursement for training and expenses, and as shall appear proper pursuant to the law of Florida, including, but not limited to, compensatory damages, attorney's fees and costs, pre-and post-judgment interest, and such other and further relief that this Court deems just, necessary, and proper.

## COUNT IV
### Quantum Meruit

49. Plaintiff hereby adopts and incorporates by reference each and every allegation asserted in paragraphs 1-19 above as if set forth fully and completely herein.

50. As an alternative to Counts I and II, and in the event that the court finds that the Defendants are not liable under the FLSA, or that a binding contract was not established, Plaintiff pleads this count, and alleges a contract "implied in fact."

51. Plaintiff conferred a benefit on Defendants by providing valuable service as an airplane pilot, and buy paying for training and expenses.

52. Defendants had knowledge of the benefit conferred by Plaintiff, and had no basis for an expectation that Plaintiff was donating his time and money, for free, to Defendants.

53. Defendants accepted the benefit of Plaintiff's time and money, and Defendants received compensation from their customers for the services provided by Plaintiff.

54. Defendants have accepted and retained compensation from their customers, without paying for Plaintiff's employment related services. Therefore, Defendants have been unjustly enriched as a direct result thereof.

55. Defendants have not provided fair value for the benefit conferred and the circumstances are such that it would be inequitable for them to retain the benefit, of Plaintiff's employment related services, without paying fair value for the same.

56. Plaintiff has been damaged as a result of the Defendants failure to provide fair value for Plaintiff's employment related services.

**WHEREFORE**, Plaintiff requests that this Honorable Court find that Defendants have been unjustly enriched by receiving and retaining the benefit of the Plaintiff's employment related services without providing fair value to Plaintiff for same and to enter final judgment in favor of Plaintiff and against Defendants in an amount equal to the fair value of the benefit incurred, the value of which is to be determined at trial, plus litigation costs, reasonable attorney's fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## COUNT V
## Promissory Estoppel

57. Plaintiff hereby adopts and incorporates by reference each and every allegation asserted in paragraphs 1-19, as if set forth fully and completely herein.

58. As an alternative to Counts I, II, III and IV, if it is ultimately deemed that Defendant is not liable under the FLSA, that Plaintiff and Defendants did not enter into a contract, or that there was no contract "implied in fact," Plaintiff alleges that Defendants are liable for promissory estoppel.

59. Plaintiff detrimentally relied on Defendants promise to pay Plaintiff, and reimburse him for training and expenses, in exchange for Plaintiff's valuable time and money.

60. Defendants reasonably should have expected that this promise, to pay Plaintiff and reimburse him for training and expenses, would induce reliance in the form of action or forbearance on the part of Plaintiff.

61. Injustice can be avoided only by enforcement of Defendants promise to pay Plaintiff.

62. Plaintiff's detrimental reliance and forbearance is that if Defendants had not promised to pay Plaintiff in exchange for Plaintiff's valuable time and money, Plaintiff would have sought to provide his valuable services to other businesses similar to Defendants', and use his money for his own benefit.

63. Plaintiff's detrimental reliance resulted in Plaintiff working as a pilot for 24 days without compensation.

64. Plaintiff's detrimental reliance also resulted in an outlay by Plaintiff of $13,500 for training, for which he was only reimbursed $7,000.

65. Plaintiff's detrimental reliance also resulted in an outlay of $414.00 for expenses that were never reimbursed.

**WHEREFORE**, as an alternative to the relief requested in Counts I, II and III, Plaintiff requests that this Honorable Court find Defendants liable for promissory estoppel and enter final judgment in favor of Plaintiff and against Defendants and order Defendants to provide Plaintiff with payment for services rendered and reimbursement for training and expenses, plus litigation costs including reasonable attorney's fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues and claims set forth in this Complaint.

DATED this 3rd day of February, 2017.

Law Offices of Don McManus, P.L.

By: /s/Don McManus
Don McManus, Esq.
Fla. Bar No. 91190
7651-A Ashley Park Court, Suite 403
Orlando, FL 32835
Voice: 407-505-5888
Facsimile: 407-536-4421
Email: donmcmanusEsq@gmail.com
ATTORNEY FOR PLAINTIFF