UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN McDANIEL,

    Plaintiff,

v.	Case No. 6:17-cv-00193-Orl-37KRS

TREND AVIATION LLC; and
JONATHAN HOUDYSCHELL,

    Defendants.

## ORDER

This matter is before the Court on Defendants Trend Aviation, LLC and Jonathan P. Houdyschell's Motion to Dismiss (Doc. 12), filed March 9, 2017. For the reasons set forth below, the motion is due to be granted.

### I. BACKGROUND

Defendant Houdyschell ("**Houdyschell**") owns and operates Trend Aviation LLC ("**Trend Aviation**"), a company that "provid[es] pilots to, and management aircraft for, owners of private aircraft." (Doc. 1 ¶¶ 6–7).) In November of 2015, Defendants[1] offered to pay Kevin McDaniel ("**McDaniel**") $550.00 per day in exchange for his services as an airplane pilot. (*Id.* ¶ 34.) Defendants also offered to pay McDaniel $13,000 for his training, if successfully completed. (*Id.* ¶ 41.)

---

[1] For purposes of this motion, the Court refers to Trend Aviation and Houdyschell collectively as "**Defendants**".

McDaniel accepted Defendants' offer, "fully performed under the contract," and "successfully completed the training." (*Id.* ¶¶ 8, 36 42.) Defendants, however, failed to pay McDaniel for twenty-four hours that he worked, and failed to fully reimburse him for completing the training. (*Id.* ¶¶ 36, 43). McDaniel alleges that Defendants still owe him $13,200.00 in unpaid wages and $6,500.00 for training expenses. (*Id.* ¶¶ 38, 43.) McDaniel further alleges that Defendants owe him $414.00 for "employment-related expenses" that they agreed to pay. (*Id.* ¶¶ 44–46.)

Consequently, McDaniel brought suit against Defendants invoking the Court's federal question jurisdiction, and alleging violations of the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 201 et seq. ("**Count I**"). (*Id.* ¶¶ 4, 20–31.) McDaniel also alleges claims for breach of contract ("**Counts II & III**"), quantum meruit ("**Count IV**"), and promissory estoppel ("**Count V**"). (*Id* ¶¶ 32–65.) Defendants move to dismiss the Complaint in its entirety for failure to state a claim. (Doc. 34.) McDaniel has not responded, and his time to do so has elapsed. As such, the matter is now ripe for adjudication.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss under Rule 12(b)(6), the Court limits its consideration to the "well-pleaded factual allegations." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as

true; however, this "tenet . . . is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

### III. ANALYSIS

Defendants argue that the Court should dismiss the Complaint because McDaniel has failed to meet the minimum pleading requirements with respect to each of his claims. To determine the merit of Defendants' argument, the Court begins its analysis with McDaniel's FLSA claim, as it provides the only basis for the Court's exercise of subject matter jurisdiction over this action.

The FLSA requires an employer to pay its employees a minimum wage. *See* 29 U.S.C. § 206(a). If no exemption applies, employers must also pay their employees at least one and a half times their regular wage for every hour worked in excess of forty per week. 29 U.S.C. § 207(a)(1). The FLSA's civil remedies provision gives a private right of action to workers affected by employers' violation of the FLSA's minimum wage and maximum hour provisions. 29 U.S.C. § 216(b). Here, it is unclear whether McDaniel is bringing a FLSA claim for unpaid wages, unpaid overtime, or both. Regardless, McDaniel's FLSA claim is inadequately pled.

To the extent McDaniel intends to state a FLSA claim for unpaid wages, his claim fails. The FLSA does not provide a plaintiff with a remedy for unpaid contractual wages which exceed the statutory mandated minimum wage. *See Bolick v. Brevard County Sheriff's Dept.*, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996) (explaining that "an employee cannot succeed on a claim under the FLSA if his average wage for a period in which he

works no overtime exceeds minimum wage") (collecting cases). The express private right of action found in § 216(b) of the FLSA is limited in an important respect: It is available only when an employee is owed unpaid minimum wages, or unpaid overtime compensation as a result of a minimum-wage or overtime violation. Here, McDaniel alleges that Defendants did not compensate him at his alleged contract rate of pay, however, he fails entirely to allege that he was paid less than the statutory mandated minimum wage. Accordingly, McDaniel fails to state a plausible FLSA claim for unpaid minimum wages.

Similarly, McDaniel fails to state a claim for overtime compensation. "[T]o survive a motion to dismiss, [a plaintiff] must allege sufficient factual matter to state a plausible claim that [he] worked compensable overtime in a workweek longer than 40 hours." *See Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241–42 (3d Cir. 2014) (same); *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) (same); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014) (same); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (same).[2]

McDaniel does not allege that he ever worked in excess of forty hours in a workweek while employed by Defendants. As such, the Court finds that McDaniel simply has not stated a plausible FLSA claim for unpaid overtime wages or unpaid

---

[2] Although these circuit court cases are not controlling, the Court finds them persuasive, particularly here, where McDaniel fails to even generally allege that he worked in excess of 40 hours in a workweek while employed by Defendant.

minimum wages. Accordingly, Count I is due to be dismissed. *See Gigena v. Tapas & Tintos, Inc.*, No. 10-23422-CIV, 2010 WL 11451387, at *3 (S.D. Fla. Nov. 30, 2010) (finding that a plaintiff failed to adequately state a FLSA claim for similar reasons).

Having found that McDaniel fails to state the only claim that independently anchored federal jurisdiction, the Court no longer has subject matter jurisdiction over McDaniel's state law claims. Thus, McDaniel will be afforded an opportunity to file an amended complaint. In the absence of a timely amendment, the matter will be dismissed and this case will be closed.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Trend Aviation, LLC and Jonathan P. Houdyschell's Motion to Dismiss (Doc. 12) is **GRANTED**.
2. The Complaint (Doc. 1) is **DISMISSED** without prejudice.
3. On or before May 5, 2017, Plaintiff may file an Amended Complaint to correct the deficiencies in the Complaint.
4. If Plaintiff fails to timely file an Amended Complaint, then this case will be closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 24, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record